**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

YVONNE VIGIL,

Plaintiff,

vs. No. CIV 04-0863 LH/RLP

LOBO CAMPUS PHARMACY, a New Mexico Corporation, and PRINCIPAL LIFE INSURANCE COMPANY, a foreign corporation,

Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Plaintiff's Motion to Remand (Docket No. 5) and the motion of Defendant Principal Life Insurance Company [hereinafter "Principal"] to dismiss it as a party with prejudice. The Court, having considered the pleadings submitted by the parties, the applicable law, and otherwise being fully advised, finds that the Plaintiff's motion is **not well taken** and should be **denied**, and that Defendant Principal's motion is **not well taken** and should be **denied**.

## I. Background

The Plaintiff filed this suit in the State of New Mexico's Second Judicial District Court against her former employer, Defendant Lobo Campus Pharmacy [hereinafter "Lobo"] and Defendant Principal. The Plaintiff alleges that she was denied insurance coverage for an operation that occurred after her employment with Defendant Lobo had ceased, but for which she had arranged coverage.

Defendant Principal removed the case to this Court, alleging that it arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et seq.* [hereinafter "ERISA"].

The Plaintiff moved to remand the case to state court, arguing that her claims do not arise under ERISA. In her Reply, the Plaintiff also purported to dismiss Defendant Principal as a party. Defendant Principal then moved to dismiss itself as a party with prejudice, based upon the Plaintiff's pleading.

## II. Motion to Remand

Suits filed in state court over which a federal district court would have original subject matter jurisdiction are removable to federal court by a defendant. 28 U.S.C. § 1441. This Court has original jurisdiction over suits "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Therefore, if the Plaintiff's claims "arise under" ERISA, regardless of the manner in which they are pled, this Court would have original jurisdiction over the subject matter, and they are removable to this Court.

ERISA governs "any employee benefit plan if it is established or maintained by any employer engaged in commerce...." 29 U.S.C. § 1003(a)(1). One type of "employee benefit plan" is an "employee welfare benefit plan," 29 U.S.C. § 1002(3), the definition of which can be broken down into five elements: "(1) 'a plan, fund, or program' (2) established or maintained (3) by an employer...(4) for the purpose of providing medical, surgical, [or] hospital care...benefits...(5) to participants or their beneficiaries." *Peckham v. Gem State Mut.*, 964 F.2d 1043, 1047 (10th Cir. 1992), *quoting* 29 U.S.C. § 1002(1).

"A 'plan, fund, or program' exists if from the surrounding circumstances a reasonable person

can ascertain the intended benefits, a class of beneficiaries, the source of financing, and the procedures for receiving benefits." *Gaylor v. John Hancock Mut. Life Ins. Co.*, 112 F.3d 460, 464 (10th Cir. 1997), *quoting* 29 U.S.C. § 1002(1). Although the pertinent section is not included in the Defendants' pleadings, the policy outlines the intended benefits and claims procedures. *See* Def. Principal's Resp. to Pl.'s Mot. to Remand, Ex. 1 at Table of Contents, p. 3. It defines the class of beneficiaries. Def. Principal's Resp. to Pl.'s Mot. to Remand, Ex. 1 at Part I, p. 6. The policy also describes the sources of financing. *See* Def. Principal's Resp. to Pl.'s Mot. to Remand, Ex. 1 at Table of Contents, p. 1. The policy therefore qualifies as a plan, fund, or program for the purposes of ERISA.

"The 'established or maintained' requirement appears designed to ensure that the plan is part of an employment relationship" and "seeks to ascertain whether the plan is part of an employment relationship by looking at the degree of participation by the employer in the establishment or maintenance of the plan." *Peckham*, 964 F.2d at 1049, *quoting* 29 U.S.C. § 1002(1). The Plaintiff asserts that this element has not been met, and her claims therefore do not arise under ERISA and are not removable. She argues that Defendant Lobo only paid Defendant Principal the insurance premiums, which is insufficient to implicate ERISA. She also argues that because "there were no accumulated monies for the benefit of employees working for Defendant Lobo," Pl.'s Mot. to Remand at 2, the plan was not "established or maintained" by Defendant Lobo. 29 U.S.C. § 1002(1).

The Plaintiff is correct that "[a]n employer's mere purchase of insurance for its employees does not, without more, constitute an ERISA plan." *Gaylor*, 112 F.3d at 464. However, "[a]n important factor in determining whether a plan has been established is whether the employer's purchase of the policy is an expressed intention by the employer to provide benefits on a regular and

long-term basis." *Id.* "While merely purchasing insurance is insufficient to establish an ERISA plan, the purchase of a group policy or multiple policies covering a class of employees offers substantial evidence that a plan has been established. Additionally, an employer's payment of premiums is substantial evidence that a plan has been established. Furthermore, the fact that an employer delegates part of the operational responsibility for the plan to the insurer does not mean that it did not establish or maintain a plan." *Sipma v. Mass. Cas. Ins. Co.*, 256 F.3d 1006, 1012-13 (10th Cir. 2001) (internal quotation marks and citations omitted).

In this case, Defendant Lobo purchased a group policy covering a class of employees, paid a portion of the premiums, and played a substantial role in administering the plan. The employer certainly participated sufficiently enough "to ensure that the plan is part of an employment relationship." *Peckham*, 964 F.2d at 1049. The Court finds that Defendant Lobo "established or maintained" the policy for the purposes of ERISA. 29 U.S.C. § 1002(1).

The third element is that the entity that established or maintained the plan be the participant's employer. *Peckham*, 964 F.2d at 1047. The policy in question was issued to Defendant Lobo, Def. Principal's Resp. to Pl.'s Mot. to Remand, Ex. 1, and covers some of its employees, Def. Principal's Resp. to Pl.'s Mot. to Remand, Ex. 1 at Part I, p. 6. The third element has therefore been met.

The fourth element is that the employer established or maintained the plan for the purpose of providing medical, surgical, or hospital care or benefits. *Peckham*, 964 F.2d at 1047. The benefits at issue here are statutory employee benefits. 29 U.S.C. § 1002(1)(A).

Finally, the benefits must have been provided to "participants or their beneficiaries." *Peckham*, 964 F.2d at 1047, *quoting* 29 U.S.C. § 1002(1). The term "participant" includes "any employee or former employee of an employer." 29 U.S.C. § 1002(7). As discussed previously, the

Plaintiff was an employee of Defendant Lobo, to which the policy was issued. The final element has been met as well.

The benefits at issue in this case meet the definition of an employee welfare benefit plan, and are therefore "governed by ERISA." *Peckham*, 964 F.2d at 1047. That, however, does not end the inquiry. The Plaintiff pleaded state law claims in her complaint, not ERISA claims. "It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). Of course, only those causes of action that arise under a federal statute give rise to federal question jurisdiction. 28 U.S.C. § 1331.

The fact that the Plaintiff's claims are "governed by ERISA," *Peckham*, 964 F.2d at 1047, or even preempted by that statute, does not necessarily create federal subject matter jurisdiction. "Federal pre-emption is ordinarily a federal defense to the plaintiff's suit. As a defense, it does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court. One corollary of the well-pleaded complaint rule developed in the case law, however, is that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metro. Life Ins. Co.*, 481 U.S. at 63.

Count I of the Plaintiff's complaint alleges that she was denied benefits due to her under the policy, which is "governed by ERISA," *Peckham*, 964 F.2d at 1047. This claim "duplicates, supplements, or supplants the ERISA civil enforcement remedy" and therefore "conflicts with the clear congressional intent to make the ERISA remedy exclusive." *Aetna Health Inc. v. Davila*, ___ U.S. ___, 124 S. Ct. 2488, 2495 (2004). "Thus, the ERISA civil enforcement mechanism is one of those provisions with such 'extraordinary pre-emptive power' that it 'converts an ordinary state

common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.' Hence, 'causes of action within the scope of the civil enforcement provisions of § 502(a) [are] removable to federal court.'" *Aetna Health Inc.*, 124 S. Ct. at 2496, *quoting Metro. Life Ins. Co.*, 481 U.S. at 65-66.

Counts II and III of the Plaintiff's complaint do not seek relief "within the scope of the civil enforcement provisions of § 502(a)." *Id.* They are therefore not "converted" to federal causes of action, and would not be independently removable. This Court may nevertheless exercise supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a), because Count I falls "within the scope of" ERISA § 502(a)(1)(B). *Metro. Life Ins. Co.*, 481 U.S. at 65-66. The Plaintiff's complaint was therefore properly removed to this Court, and the Plaintiff's motion to remand it to state court must be denied.

In her Reply in support of her motion to remand, the Plaintiff "dismissed...her claim against Defendant Principal, with prejudice. Plaintiff Vigil believes that the posture of the case is thereby changed and that there is no further jurisdiction in this Court." Pl.'s Reply in Supp. of Mot. to Remand at 1. That is not the law. ERISA does not require that the suit be brought against the insurer in order to create federal jurisdiction. The civil enforcement provisions of § 502(a) provides that "[a] civil action may be brought by a participant or beneficiary to recover benefits due to [her] under the terms of [her] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Dismissing Defendant Principal would not make the Plaintiff's claims something other than ERISA claims or otherwise defeat federal jurisdiction.

The Plaintiff also states that she "doubts whether an ERISA action would apply and chooses

now to limit the action to claims under New Mexico law...." Pl.'s Reply in Supp. of Mot. to Remand at 3. However, the Plaintiff cannot so choose; Congress has already chosen. The "clear congressional intent" of the statute was "to make the ERISA remedy exclusive." *Aetna Health Inc.*, 124 S. Ct. at 2495. Therefore, state law claims that "relate to any employee benefit plan" under ERISA are preempted, 29 U.S.C. § 1144(a), and those that seek "benefits due to [a participant] under the terms of his plan," 29 U.S.C. § 1132(a)(1)(B), are "converted" from "an ordinary state common law complaint into one stating a federal claim...." *Aetna Health Inc.*, 124 S. Ct. at 2496. The Plaintiff's claims, irrespective of how or where they were pled, are federal causes of action that are "governed by ERISA." *Peckham*, 964 F.2d at 1047. The motion to remand is denied.

## III. Motion to Dismiss Defendant Principal

As discussed above, the Plaintiff "dismissed...her claim against Defendant Principal, with prejudice" in her Reply in support of her motion to remand. Pl.'s Reply in Supp. of Mot. to Remand at 1. Defendant Principal then moved to dismiss the claims against it pursuant to FED. R. CIV. P. 41(a). The motion indicates that counsel for Defendant Principal sought and received the Plaintiff's stipulation to the dismissal, which was later revoked. Neither the Plaintiff nor Defendant Lobo has responded to the motion.

Unfortunately for Defendant Principal, the statement in the Plaintiff's reply brief is insufficient to effect the dismissal of her claims against it. A suit may be voluntarily dismissed by the plaintiff by either filing a notice of dismissal before a defendant serves an answer or motion for summary judgment or by filing a stipulation of dismissal signed by all the parties. FED. R. CIV. P. 41(a). Even if the Court were to construe the statement in the Plaintiff's reply brief as a "notice" of dismissal, it

was not entered until after Defendant Principal had filed its answer. The Plaintiff has not filed a stipulation signed by all the parties, and it is unclear whether all parties would stipulate to Defendant Principal's dismissal at this stage. The motion must therefore be denied.

**IT IS THEREFORE ORDERED** that the Plaintiff's Motion to Remand is **denied**.

**IT IS FURTHER ORDERED** that Defendant Principal's Motion to Dismiss is **denied**.

**IT IS SO ORDERED.**

**SENIOR UNITED STATES DISTRICT JUDGE**