IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

YVONNE VIGIL,

      Plaintiff,

vs.   No. CIV 04-0863 LH/RLP

LOBO CAMPUS PHARMACY, a New
Mexico Corporation, and PRINCIPAL LIFE
INSURANCE COMPANY, a foreign
corporation,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Lobo Campus Pharmacy's Motion to Dismiss (Docket No. 34). The Court, having considered the pleadings submitted by the parties, the applicable law, and otherwise being fully advised, finds that the motion is **well taken in part** and should be **granted in part and denied in part**.

### I. Background

The Plaintiff filed this suit in the State of New Mexico's Second Judicial District Court against her former employer, Defendant Lobo Campus Pharmacy [hereinafter "Lobo"], and Defendant Principal Life Insurance Company [hereinafter "Principal"]. The Plaintiff alleges that she was denied insurance coverage for an operation that occurred after her employment with Defendant Lobo had ceased, but for which she had arranged coverage. Defendant Principal removed the case to this

Court, asserting that it arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et seq.* [hereinafter "ERISA"]. This Court denied the Plaintiff's motion to remand the case to state court. Memorandum Opinion and Order (Docket No. 23), filed December 8, 2004. Defendant Lobo has moved to dismiss the Plaintiff's claims on the ground that each fails to state a claim upon which relief can be granted.

## II. Breach of Contract Claim

In her complaint, the Plaintiff pled a breach of contract count. Defendant Lobo has moved to dismiss that claim, asserting that it had no duty to provide the Plaintiff with insurance coverage after December 31, 2003. Defendant Lobo argues that the Plaintiff's breach of contract claim therefore fails to state a claim upon which relief can be granted.

In ruling on a motion to dismiss for failure to state a claim, "all well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the light most favorable to the nonmoving party. A 12(b)(6) motion should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (internal quotation marks and citations omitted).

In this case, however, the Plaintiff herself presented "matters outside the pleading" along with her response to the motion. FED. R. CIV. P. 12(b). Defendant Lobo argues that she has thereby converted the motion to one for summary judgment, and submitted an affidavit along with its reply

-2-

to the motion. "If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." *Id.*

"...[A] motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) cannot be converted into a summary judgment motion without notice and an opportunity for the parties to present relevant evidence. The required notice may be actual or constructive, and in some circumstances, courts have concluded that the submission of evidentiary materials by the movant, the nonmovant, or both of them constitutes sufficient notice." *David v. City and County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996) (internal citations omitted). Moreover, "district courts have discretion to accept or reject attached documents." *Lybrook v. Members of Farmington Mun. Schools Bd. of Educ.*, 232 F.3d 1334, 1341 (10th Cir. 2000).

Because the parties have had no actual notice of the conversion of Defendant Lobo's motion to one for summary judgment, and because the documents submitted along with the briefs on the motion are somewhat less than comprehensive, the Court will not consider the affidavits or convert the motion to one for summary judgment. It will be decided as a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6). If either of the Defendants wish to move for summary judgment, they may, of course, do so.

In its order denying the Plaintiff's motion to remand, the Court held that Count I of the Plaintiff's complaint "duplicates, supplements, or supplants the ERISA civil enforcement remedy," *Aetna Health Inc. v. Davila*, ___ U.S. ___, 124 S. Ct. 2488, 2495 (2004), and therefore fell "within

the scope of" the civil enforcement provisions of ERISA § 502(a)(1)(B), *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65-66 (1987). Memorandum Opinion and Order (Docket No. 23), filed December 8, 2004. Such a claim is "converted" to an ERISA claim by operation of law. *Aetna Health Inc.*, 124 S. Ct. at 2496.

Contrary to Defendant Lobo's arguments, the Plaintiff did allege that Lobo had a duty to provide insurance coverage. Indeed, the Plaintiff asserted that her insurance premium for coverage for January, 2004, was withheld from her paycheck by Defendant Lobo and should have provided coverage for her surgery during that month. Notice of Removal (Docket No. 1), Ex. 2 at 2-3. "A civil action may be brought by a participant or beneficiary to recover benefits due to [her] under the terms of [her] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). The Plaintiff therefore alleged sufficient facts for the converted ERISA claim to state a claim upon which relief could be granted pursuant to that statute and survive Defendant Lobo's motion to dismiss it. The motion must be denied with regard to the ERISA claim.

### III.  Prima Facie Tort

Count Two of the Plaintiff's complaint pleads *prima facie* tort. The Supreme Court of New Mexico has defined *prima facie* tort as "a lawful act, conducted with the intent to injure and without sufficient economic or social justification, that did injure them." *Schmitz v. Smentowski*, 109 N.M. 386, 390, 785 P.2d 726, 730 (1990).

"Prima facie tort is intended to provide a remedy for persons harmed by intentional and malicious, but otherwise lawful, acts that fall outside of the rigid traditional intentional tort categories.

*Prima facie tort should be used to address wrongs that otherwise escape categorization, but should not be used to evade stringent requirements of other established doctrines of law.*" *Martinez v. N. Rio Arriba Elec. Coop.*, 2002-NMCA-083, ¶ 24 (emphasis added) (internal quotation marks and citations omitted). Having found that the Plaintiff's allegations would state a claim upon which relief can be granted under ERISA, the Plaintiff cannot recover on her *prima facie* tort claim based on the same facts. Her allegations do not "escape categorization," *id.*, only procedural coherence. Defendant Lobo's motion will be granted as to this claim.

**IT IS THEREFORE ORDERED** that Defendant Lobo Campus Pharmacy's Motion to Dismiss is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that the Plaintiff's *prima facie* tort claim is dismissed with prejudice.

**IT IS SO ORDERED.**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**