IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

YVONNE VIGIL,

       Plaintiff,

v.                                                                   No. Civ. 04-0863 LH/RLP

LOBO CAMPUS PHARMACY, a New
Mexico Corporation, and PRINCIPAL LIFE
INSURANCE COMPANY, a foreign
corporation,

       Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's "Second Motion for Remand" (Doc. No. 69). The Court, having considered the pleadings submitted by the parties, the applicable law, and otherwise being fully advised, finds that Plaintiff's motion is not well taken and should be denied.

**I.    Background**

    **A.    Factual History**

The facts of the case, as alleged in the complaint, are as follows. Plaintiff Yvonne Vigil (hereinafter "Plaintiff") worked for Defendant Lobo Campus Pharmacy, Inc., (hereinafter "Lobo"). Defendant Principal Life Insurance Company (hereinafter "Principal") provided group health insurance benefits to Plaintiff through Lobo in accordance with an insurance contract. For each pay period, Lobo deducted the health insurance premium from the pay of Plaintiff, as it did for its other employees, and paid the premium to Principal.

Lobo made plans in advance to terminate its business effective December 31, 2003. As part of the closure of the business, Plaintiff was to be terminated as well, effective December 31,

2003.  Plaintiff planned well in advance to have surgery prior to December 31, 2003, and notified both Lobo and Principal.  Plaintiff later rescheduled her surgery on a date after Lobo closed so that she could assist her employer in winding up its business.  Principal had given Plaintiff permission to undergo her surgery long before the scheduled date.  Plaintiff's insurance premium was deducted automatically from her last paycheck.  Plaintiff expected that she would continue to have health insurance coverage for her surgery even after Lobo closed.

Plaintiff had her surgery on January 20, 2004.  Plaintiff was informed while still in recovery in the hospital that she did not have insurance coverage for her surgery.  Plaintiff was never put on notice regarding how her insurance coverage would continue after her job with Lobo ended.

### B. Procedural History

On May 13, 2004, Plaintiff filed a "Complaint for Damages Arising from Breach of Contract, Prima Facie Tort, and Punitive Damages" (hereinafter "Complaint") in the State of New Mexico's Second Judicial District Court against Defendants Lobo and Principal.  Count I expressly alleged a claim for "Breach of Contract."  Compl. at 4.  In Count I, Plaintiff asserted that Defendants "wrongfully terminated Plaintiff Vigil's contract for health insurance benefits" and "breach[ed] their respective contracts with her regarding continuing access to insurance coverage."  Compl. at 10-11.  Plaintiff requested, among other things, actual and consequential damages flowing from Defendants' "breach of contract and the fiduciary duties inherent in the contract."  *Id.* at 12.  Additionally, Plaintiff alleged a claim for prima facie tort in Count II and a claim for punitive damages in Count III.  *Id.* at 12-15.

On July 29, 2004, Defendant Principal removed the case to this Court, alleging that the

case arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et seq.* (hereinafter "ERISA").  On August 12, 2004, Plaintiff moved to remand the case to state court, arguing that her claims did not arise under ERISA because her health insurance plan was not "established or maintained" by Defendant Lobo.  (Doc. No. 5).

In a Memorandum Opinion and Order filed on December 8, 2004, this Court denied Plaintiff's motion to remand.  (Doc. No. 23).  This Court found that the benefits at issue in this case met the definition of an employee welfare benefits plan and were governed by ERISA.  This Court also determined that Count I of Plaintiff's complaint alleged that she was denied benefits due to her under the policy, which was a "claim that duplicates, supplements, or supplants the ERISA civil enforcement remedy and therefore conflicts with the clear congressional intent to make the ERISA remedy exclusive."  Mem. Op. and Order (Doc. No. 23) at 5 (internal quotations omitted).  The Court thus held that Plaintiff's claim in Count I fell within the scope of ERISA's civil enforcement provisions.  *Id.* at 5-6.  The Court therefore concluded that ERISA preempted the state law claim, so the Court converted Plaintiff's claim in Count I to an ERISA claim for benefits due according to the terms of the plan under 29 U.S.C. § 1132(a)(1)(B).  *Id.* at 5-7.  Although this Court ruled that Counts II and III of Plaintiff's complaint did not seek relief within the scope of ERISA's civil enforcement provisions, the Court nevertheless exercised supplemental jurisdiction over Counts II and III.  *Id.* at 6.  Consequently, the Court denied Plaintiff's motion to remand.  *Id.* at 7.  The parties subsequently filed an Initial Pre-Trial Report (Doc. No. 33) on February 28, 2005, in which they stipulated that this Court had jurisdiction over Plaintiff's claims.

On March 7, 2005, Defendant Lobo filed a motion to dismiss Plaintiff's claims in Counts I

and II on the ground that each failed to state a claim upon which relief can be granted. (Doc. No. 34). The Court denied Lobo's motion to dismiss Plaintiff's denial of benefits claim in Count I but granted its motion to dismiss Plaintiff's prima facie tort claim in Count II. Mem. Op. and Order (Doc. No. 48), filed June 3, 2005.

On October 7, 2005, Plaintiff filed a "Second Motion for Remand" (Doc. No. 69) in which Plaintiff withdrew her stipulation that the Court has jurisdiction over her case and argued that this Court lacks subject matter jurisdiction over her claims because the claims do not fall under ERISA. Plaintiff contended that "the only claim that could arguably be subject to ERISA is her claim of improper denial of her continuation of coverage and conversion rights under COBRA"[1] but that COBRA does not apply to her plan because Lobo did not have the requisite number of employees. Pl.'s Second Mot. for Remand at 4-5. Plaintiff asserted that because "COBRA, and therefore ERISA, do not apply to her cause of action," ERISA cannot preempt her state claim, and this Court does not have federal question jurisdiction over her claim. *Id.* at 6.

On October 21, 2005, Defendants Lobo and Principal filed a "Joint Response in Opposition to Plaintiff's Second Motion to Remand" (Doc. No. 74), in which they argued that Plaintiff's health insurance plan falls within the scope of ERISA's civil enforcement scheme under 29 U.S.C. § 1132(a)(1)(B), even though the plan is not subject to the COBRA provision, 29 U.S.C. § 1161, which requires employers to offer continuation coverage if they have 20 or more employees. Defendants noted that COBRA exempts employers with less than 20 employees from

---

[1]COBRA stands for the Consolidated Omnibus Budget Reconciliation Act, 29 U.S.C. §§ 1161-68, which is an amendment to ERISA that authorizes a qualified beneficiary of an employer's group health insurance plan to maintain coverage when she might otherwise lose coverage upon the occurrence of a "qualifying event." *See Simpson v. TD Williamson, Inc.*, 414 F.3d 1203, 1204 (10th Cir. 2005).

the requirement that employers offer continuation coverage but that COBRA does not exempt employers with less than 20 employees from the entire scope of ERISA.

On November 4, 2005, Plaintiff filed a reply (Doc. No. 79), in which she attempted to "clarify" her arguments. Plaintiff asserted for the first time that her claim in Count I for continuation coverage of her insurance depends on her alleged state law right to conversion under NMSA § 59A-18-16. Plaintiff claimed that NMSA § 59A-18-16 is a state law that regulates insurance, and as such, is exempted from preemption by the ERISA savings clause, 29 U.S.C. § 1144(b)(2)(A). Although Plaintiff conceded that COBRA is a comprehensive Act, Plaintiff argued that COBRA's failure to provide conversion rights for employees who work for employers with fewer than 20 employees meant that Congress intended to defer to state laws regulating insurance to protect those non-COBRA covered employees. Plaintiff thus asserted that NMSA § 59A-18-16 governs her conversion rights, and since state laws regulating insurance are not preempted by ERISA, Plaintiff's case should be remanded to state court for alleging only state claims.

Defendants filed a sur-reply on November 22, 2005. (Doc. No. 86). Defendants argued that COBRA's specific exemption of employers with less than 20 employees shows a clear congressional intent to exclude employees of such plans from asserting claims for continuation coverage under ERISA. Defendants contended that to allow a plaintiff to bring a state law conversion claim would undermine the policy choices reflected in 29 U.S.C. § 1161. Finally, Defendants argued that, even if ERISA does not preempt a state law claim for conversion benefits, the statute does not provide any relief to a plaintiff whose group policy was terminated and thus does not deprive this Court of jurisdiction over Plaintiff's Complaint.

**II.     Discussion**

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to federal court. Federal district courts have original jurisdiction over suits "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Generally, whether a case is removable or not is determined by the original pleadings. *See Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979) ("In determining the existence of removal jurisdiction based upon a federal question, we must look to the complaint as of the time the removal petition was filed."); *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964) ("In many cases, removability can be determined by the original pleadings. . . ."). The Tenth Circuit has held that "the propriety of removal is judged on the complaint as it stands at the time of the removal." *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir. 1991) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)). The *Pfeiffer* court noted that a party cannot "force remand of an action after its removal from state court by amending the complaint to destroy the federal court's jurisdiction over the action." *Id.*

In this case, Plaintiff's arguments for remand are based on her assertion that her action is brought under NMSA § 59A-18-16. The problem with Plaintiff's argument, however, is that, even if her complaint can be construed as stating a cause of action under NMSA § 59A-18-16, Plaintiff clearly stated a breach of contract claim as well.[2] Plaintiff asserted over and over again

---

[2]Because this Court has concluded that Plaintiff stated a breach of contract claim over which this Court has jurisdiction based on ERISA's extraordinary preemptive power, the Court need not determine for purposes of this motion whether Plaintiff also alleged a claim under NMSA § 59A-18-16. The Court notes that, even if Plaintiff has stated a cause of action under NMSA § 59A-18-16, this Court would exercise supplemental jurisdiction over such claim under

that Count I of her Complaint is based on breach of contract. Specifically, Plaintiff alleged that Defendants "wrongfully terminated Plaintiff Vigil's contract for health insurance benefits," Compl. at 10, and "breach[ed] their respective contracts with her regarding continuing access to insurance coverage," *id.* at 11. Plaintiff explicitly asked for damages flowing from Defendants' "breach of contract and the fiduciary duties inherent in the contract." *Id.* at 12. Moreover, Plaintiff entitled her Complaint as a "Complaint for Damages Arising from Breach of Contract. . ." and entitled Count I of her Complaint, "Breach of Contract." Thus, by the terms of Plaintiff's own Complaint, Plaintiff's cause of action in Count I is based on the terms of her insurance contract. The Court rejects Plaintiff's attempt to cast her cause of action in Count I as being solely brought under NMSA § 59A-18-16, a statute that is not even mentioned anywhere in the Complaint, when Plaintiff repeatedly stated that her claim was for breach of contract.

As discussed *supra*, for purposes of determining a motion to remand, this Court must construe a complaint as it exists at the time of removal. At the time of removal, Plaintiff's Complaint clearly stated a claim for breach of her insurance contract. A breach of contract claim is based on state common law of general application and is not a law regulating insurance. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 62 (1987). As explained in this Court's first Memorandum Opinion and Order denying Plaintiff's initial motion to remand, a breach of contract claim based on the terms of a plan is preempted by ERISA as it falls within ERISA's civil enforcement provisions, specifically 29 U.S.C. § 1132(a)(1)(B). Mem. Op. and Order (Doc. No.

---

28 U.S.C. § 1367(a), as it did with Counts II and III. Additionally, the Court notes that, even if Plaintiff amended her complaint to allege *only* a cause of action under NMSA § 59A-18-16 in Count I, the Court's jurisdictional analysis would not change, since removal jurisdiction is determined based on the complaint as it existed at the time of removal.

7

23) at 5-7. The Court therefore converted Plaintiff's breach of contract claim in Count I into a federal ERISA claim for denial of benefits under 29 U.S.C. § 1132(a)(1)(B). *Id.* Nothing in Plaintiff's Second Motion to Remand causes this Court to doubt the propriety of its initial order refusing remand.

**IT IS THEREFORE ORDERED** that Plaintiff's Second Motion for Remand (Doc. No. 69) is **DENIED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE